IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BECTON, DICKINSON AND COMPANY and CELLULAR RESEARCH, INC., | ) )| |
| | ) | |
| Plaintiffs, | ) ) | C.A. No. 18-1800-RGA |
| v. | ) ) | |
| 10X GENOMICS, INC., | ) ) | |
| Defendant. | ) ) | |

## SCHEDULING ORDER

This __8__ day of __May__, 2019, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.      Rule 26(a)(1) Initial Disclosures. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within **30** days of the date of this Order.

2.      Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **September 25, 2020**.

3.      Discovery.

        a.      Discovery Cut Off. All discovery in this case shall be initiated so that it will be completed on or before **October 29, 2020**.

b.      Document Production. Document production shall be substantially complete by **June 25, 2020**.

c.      Requests for Admission. A maximum of **40** requests for admission are permitted for each side, except for requests that are limited to the authentication of a document.

d.      Interrogatories. A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.

e.      Depositions.

i.      Limitation on Hours for Deposition Discovery. Each side is limited to a total of **70** hours of taking testimony by deposition upon oral examination of party fact witnesses, including 30(b)(6) designees. Each side may additionally take up to a total of 21 hours of deposition upon oral examination of non-party fact witnesses. The parties will meet and confer regarding appropriate adjustments to these limits as necessary regarding the number of non-party witnesses. Depositions of expert witnesses are not included in the above limits.

ii.      Location of Depositions. Depositions shall take place at a location convenient for the witnesses and acceptable to the parties. To the extent either party seeks to depose a party witness who is located outside the United States, the witness will be made available at a location within the United States that is convenient for the witness and acceptable to the parties.

f.      Email discovery: The parties will delay search and production of electronic mail ("Email Discovery"). If, at such time as the receiving party has reviewed the contents of the producing party's primary document production, the receiving party determines that Email Discovery may be required as to certain topics, the receiving party may notify the

producing party. Upon such determination, the producing party and receiving party shall meet and confer in good faith to identify reasonable mechanisms for narrowly tailored searches of or for Email Discovery, including identification of custodians and search terms. Should the parties be unable to reach an agreement on these issues, counsel will follow the dispute resolution provisions of paragraph 3(h) below.

        g.     The parties are continuing to meet and confer about an agreed document production protocol. The parties will submit an agreed document production protocol (or any disputes if the parties are unable to reach agreement) by **June 27, 2019**.

        h.     <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, excluding weekends and holidays, the party seeking relief shall file with Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed three pages, outlining the party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

- 3 -

i.    Initial Discovery in Patent Litigation[1]

i.    Within **30** days after the Rule 16 Conference and for each Defendant, the Plaintiff shall specifically identify the accused products[2] and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.

ii.    Within **30** days after receipt of the above, each Defendant shall produce to the Plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

iii.    Within **30** days after receipt of the above, Plaintiff shall produce to each Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.  The parties shall also exchange limited information sufficient to facilitate ADR.

iv.    Within **45** days after receipt of the above claim charts from Plaintiffs, each Defendant shall produce to the Plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

j.    Document Production Accompanying Contentions.    In connection with the parties' obligations pursuant to Initial Discovery in Patent Litigation (*see supra* § 3(i)), within **30** days after receipt of Plaintiff's initial claim charts relating each product to the asserted claims that each product allegedly infringes (*id.*, § 3(i)(iii)):

---

[1] As these disclosures are "initial," each party shall be permitted to supplement within the meaning of the Delaware Default Standard For Discovery, Including Discovery of Electronically Stored Information.

[2] For ease of reference, the word "product" encompasses accused methods and systems as well.

i.      Plaintiffs shall produce (1) all agreements that it contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation, and (2) all agreements that otherwise may be used to support Plaintiffs' damages case; and Defendant shall produce documents sufficient to show the relevant sales, revenue, cost, and profits for each accused product identified in Plaintiffs' initial claim chart(s) for any period of alleged infringement.

ii.      Within **30** days after receipt of Plaintiff's production of agreements under (i) above, Defendant shall produce all agreements that may be used to support Defendant's damages case.

4.      <u>Electronic Service</u>. The parties stipulate that service of letters, discovery requests, and other documents that are not required to be filed with the Court electronically may be made via e-mail addressed to counsel of record. The parties consent to service by e-mail in accordance with Fed. R. Civ. P. 5(b)(2)(E), and agree that Fed. R. Civ. P. 6(d) shall be used for purposes of calculating due dates when service is made by email (i.e., three (3) days are added to period that would have otherwise expired under Fed. R. Civ. P. 6(a)).

5.      <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within **30** days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

<u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to

preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6.      Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

7.      Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

8.      Claim Construction Issue Identification. On or before **October 15, 2019**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. On or before **October 29, 2019** the parties shall exchange proposed claim constructions for any term(s)/phrase(s) that were proposed only by the opposing party. Subsequent to these exchanges, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **November 5, 2019**. The parties' Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A searchable electronic copy of the patent(s)

in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

9.    <u>Claim Construction Briefing</u>. The Plaintiffs shall serve, but not file, its opening brief, not to exceed 20 pages, on **December 13, 2019**. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on **January 23, 2020**. The Plaintiffs shall serve, but not file, its reply brief, not to exceed 20 pages, on **February 6, 2020**. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **February 20, 2020**. No later than **February 26, 2020**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.    Agreed-Upon Constructions

II.    Disputed Constructions

    A.    [TERM 1]

        1.    Plaintiffs' Opening Position
        2.    Defendant's Answering Position
        3.    Plaintiffs' Reply Position
        4.    Defendant's Sur-Reply Position

    B.    [TERM 2]

        1.    Plaintiffs' Opening Position
        2.    Defendant's Answering Position
        3.    Plaintiffs' Reply Position
        4.    Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

10.   Hearing on Claim Construction. Beginning at _9:00_ .m. on March _20_, 2020, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours equally divided between the parties.

11.   Disclosure of Expert Testimony.

a.   Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **January 28, 2021**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **March 18, 2021**. Reply expert reports from the party with the initial burden of proof are due on or before **April 22, 2021**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **May 21, 2021**.

b.   Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

12.   Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **June 17, 2021**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date

without leave of the Court. Responsive briefs in opposition to any dispositive motions and any *Daubert* motions shall be served and filed on or before **July 29, 2021**. Reply briefs in support of any dispositive motions and any *Daubert* motions shall be served and filed before **August 19, 2021**.

13.   Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14.   Pretrial Conference. On ~~November~~ October \5 , 2021, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a .m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

15.   Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16.     Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

17.     Trial. This matter is scheduled for a **10-day jury** trial beginning at 9:30 a.m. on **November   1   , 2021**, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

18.     ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

UNITED STATES DISTRICT JUDGE

- 10 -